PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TINA EDMONSON, ) | |
| ) | CASE NO. 1:12cv819 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** [Regarding ECF Nos. 17; 18] |

On March 5, 2013, Magistrate Judge Vernelis Armstrong issued a Report ("R&R") recommending that the decision of the Commissioner be affirmed. ECF No. 17. Plaintiff timely filed objections (ECF No. 18) and the Commissioner responded (ECF No. 19). For the reasons that follow, the Court overrules Plaintiff's objections and adopts the R&R.

## I. Background

On February 23, 2009, Plaintiff filed an application for disability insurance and Supplemental Security Income benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, and Title XVI of the Social Security Act, 42 U.S.C. § 1381. ECF No. 17 at 2.[1] Plaintiff alleged that the period of disability began January 2, 2008. ECF No. 17 at 2. Her applications were denied initially and again upon reconsideration. ECF No. 17 at 2. Plaintiff thereafter requested a hearing before an Administrative Law Judge ("ALJ"). ECF No. 17 at 2.

---

[1] The R&R fully sets out the factual background which the Court incorporates herein. *See* ECF No. 17 at 1-16.

(1:12cv819)

The ALJ, Mike Dixon, determined that Plaintiff had "a severe combination of curvature of the spine and affective disorder with an onset date of January 2, 2008." ECF Nos. 17 at 2; 10 at 20. Based on all the evidence presented, however, ALJ Dixon found that Plaintiff "has not been under a disability, as defined in the Social Security Act, from January 2, 2008 to the date of this decision." ECF No. 10 at 26. ALJ Dixon found Plaintiff able to perform her past relevant work as a housekeeper/cleaner and stocker, and Plaintiff's request for benefits was, therefore, denied. ECF No. 17 at 3; 10 at 26.

Plaintiff appealed ALJ Dixon's opinion to the Social Security Administration's Appeals Council. ECF Nos. 17 at 3; 10 at 5. The Appeals Council adopted the final decision of the ALJ.[2] ECF No. 10 at 12. In doing so, the Appeals Council considered a letter dated August 16, 2011 from one of Plaintiff's "treating sources," Neurologist Dr. Patel, in support of Plaintiff's complaints of daily debilitating headaches.[3] ECF No. 10 at 9. Dr. Patel's letter stated that Plaintiff was medically unable to work. ECF No. 10 at 826. The Appeals Council, however, determined that Dr. Patel's medical opinion "is on an issue reserved to the Commissioner" and "is not supported by objective clinical findings." ECF No. 10 at 9.

Plaintiff filed a Complaint in the instant Court and alleges that the Appeals Council did not properly weigh Dr. Patel's opinion, causing it to make an erroneous determination that she be

---

[2] The Appeals Council found that Plaintiff was incapable of returning to her past work as a housekeeper/clearer but that she was capable of doing other work in the economy such as grocery bagger, industrial cleaner and kitchen helper. ECF Nos. 17 at 3; 10 at 10.

[3] Dr. Patel's letter was submitted after the ALJ's May 12, 2011 ruling. ECF Nos. 10 at 15; 17 at 21.

2

(1:12cv819)

denied benefits. ECF No. 15 at 16.

## II.  Legal Standard

When an objection has been made to a magistrate judge's report and recommendation, the district court standard of review is *de novo*. Fed. R. Civ. Pro. 72(b)(3). A district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. Id. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Id.

Accordingly, the Court has conducted a *de novo* review of the magistrate judge's report and has considered Plaintiff's arguments raised in objection. For the reasons set forth below, the Court adopts the R&R.

## III.  Analysis

Plaintiff, in her brief on the merits, asserted that the Appeals Council considered a written opinion from Dr. Patel, the primary treating source, declaring Plaintiff's inability to work because of the severity of her headaches, and,

> according to the factors enumerated in §404.1527(c), Dr. Patel's opinion warranted significant weight, if not controlling weight, but was given no weight instead.  This failure to properly assign weight to the evidence of Ms. Edmonson's debilitating headaches affected every subsequent step in the disability determination process.  Consequently, Ms. Edmonson erroneously was determined to be not disabled.  For all of the reasons stated above, substantial evidence does not support the Commissioner's decision.

ECF No. 14 at 15. The balance of Plaintiff's brief contained assertions that the Appeals Council erred in determining the merits of Plaintiff's claim that her headaches were not a severe impairment. ECF No. 14 at 12-15. Notably, Plaintiff argued that the August 16, 2011 letter

3

(1:12cv819)

written by Dr. Patel was not given controlling weight by the Appeals Council.  ECF No. 14 at 13. Plaintiff challenged the Appeal Council's determination by arguing that, based upon the contents of the letter and other evidence on the record, the letter should have been given stronger weight than the Appeals Council gave it.  ECF No. 14 at 12-14.  Plaintiff argued that the factors in 20 C.F.R. §404.1527 tipped in Plaintiff's favor, necessitating a finding that the letter should have been given controlling weight, or stronger weight than the Appeals Council gave it.  ECF No. 14 at 13-14.  Significantly, at no time did Plaintiff argue that the Appeals Council did not follow proper procedure in making its determination.  Rather, Plaintiff argued that the determination was factually erroneous.

    The magistrate judge, after reviewing the record and considering Dr. Patel's opinion expressed in the letter, found that Dr. Patel is not a "treating source" as that term is defined by Social Security regulations and his opinion is therefore not entitled to controlling weight.[4]  ECF No. 17 at 22.  The magistrate judge further concluded that even if Dr. Patel were treating physician, his opinion is not entitled to controlling weight.  ECF No. 17 at 24.

    Plaintiff, in her objection, now argues that the Appeals Council did not follow proper procedure.  ECF No. 18 at 2.  Plaintiff asserts that if a treating physician's opinion is not given controlling weight, the Commissioner is still required to apply certain factors enumerated in 20 C.F.R.§ 404.1527 and give good reasons for the weight it assigns to a treating physician's

---

    [4] The magistrate judge made this determination based upon the record which reflected that Plaintiff's first visit with Dr. Patel, on June 29, 2007, was during a hospital stay and Dr. Patel was brought in only as a consultant— the next time Plaintiff saw Dr. Patel was three years later, on July 27, 2010.  ECF No. 17 at 22.

(1:12cv819)

opinion. ECF No. 18 at 1. Plaintiff now objects that the Appeals Council did not evaluate Dr. Patel's opinion according to the factors set forth in the regulations, amounting to a failure to follow the procedural requirements. ECF No. 18 at 1. Plaintiff did not raise this argument before the magistrate judge, and is therefore precluding from doing so for the first time in her objections to the R&R. See Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) ("[w]hile the Magistrate Judge Act, 28 U.S.C. § 631 [] permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]." See also United States v. Waters, 158 F.3d 933, 936 (6th Cir. 1998) (citing Marshall v. Chater, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived"). Accordingly, Plaintiff's objections to the R&R are overruled.

### IV. Conclusion

For the foregoing reasons, the Court overrules Plaintiff's objections (ECF No. 18) to the R&R (ECF No. 17) and adopts the R&R in its entirety.

IT IS SO ORDERED.

 April 12, 2013                           */s/ Benita Y. Pearson*
Date                                      Benita Y. Pearson
                                          United States District Judge